UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST CITIZENS BANK & TRUST COMPANY,<br><br>              Plaintiff,<br>v.<br>PAUL E. WINTER, et al.,<br><br>              Defendants. | Case No. 13cv898 AJB (WMc)<br><br>ORDER SUA SPONTE REMANDING TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>[Doc. No. 1] |

On April 15, 2013, Defendant Paul E. Winter, acting pro se, filed a notice of removal, (Doc. No. 1). The notice of removal seeks to remove an unlawful detainer proceeding initiated in San Diego Superior Court by First Citizens Bank & Trust Company ("First Citizen"), the Plaintiff in this action. (Doc. No. 1.) For the reasons set forth below, the Court finds the Defendant has failed to demonstrate either federal question or diversity jurisdiction exist and therefore sua sponte REMANDS the action to San Diego Superior Court, North County Division.

### *DISCUSSION*

An action is removable to a federal court only if it could have been brought there originally. *See* 28 U.S.C. § 1441(a). As set forth in the notice of removal, Mr. Winter alleges that the Court has subject matter jurisdiction over the present action based on

First Citizen's defective notice of the unlawful detainer action in state court.  (Doc. No. 1.)  Mr. Winter contends that the notice given by First Citizen failed to comply with "The Protecting Tenants at Foreclosure Act, 12 U.S.C. §5220," however, this United States Code section actually refers to the "Assistance to Homeowners" section of the Troubled Assets Relief Program ("TARP").  It appears that Mr. Winter is relying on a section of TARP under the Historical and Statutory Notes, entitled "Effect of Foreclosure on Preexisting Tenancy" which states:

> (a) In general.--In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title [May 20, 2009], any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to--
>     (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice . . .
>
> (b) Bona fide lease or tenancy.--For purposes of this section, a lease or tenancy shall be considered bona fide only if--
>     (1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant . . .

*See* Pub. L. 111-22, Div. A, Title VII, § 702, May 20, 2009, 123 Stat. 1660, as amended Pub. L. 111-203, Title XIV, § 1484(1), July 21, 2010, 124 Stat. 2204.  This provision does not apply to Mr. Winter.  Mr. Winter was a co-borrower on the loan, a mortgagor, and therefore not entitled to bona fide tenant status which requires 90 days notice before the effective date of a notice to vacate.

Furthermore, the state court complaint initiated by First Citizen is an unlawful detainer action seeking to recover possession of the property located at 2525 Reed Road, Escondido, California 92027 (the "Property").  The complaint does not allege any federal causes of action.  Thus, the Court finds Mr. Winter has failed to demonstrate that this Court has subject matter jurisdiction over this action.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," i.e., federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint) (internal citations omitted); *see also Indymac Federal Bank, F.S.B. v.*

*Ocampo*, No. 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (finding no subject matter jurisdiction where complaint stated only an unlawful detainer claim).

The Court also lacks diversity jurisdiction over this action because the state court complaint clearly states that First Citizen, the Plaintiff in this action, is the successor-in-interest to Temecula Valley Bank, which is authorized to do business in California and the Defendants are residents of California. (Doc. No. 1, Ex. A at 5.)  Furthermore, the state court complaint is labeled as a limited civil case, wherein First Citizen seeks less than $10,000.  (*Id.*)  Accordingly, the Court finds it lacks diversity jurisdiction over the instant matter because the parties are not completely diverse and the amount in controversy does not exceed $75,000.  *See* 28 U.S.C. § 1332 (stating that a district court has diversity jurisdiction over any civil action between citizens of different states so long as the amount in controversy exceeds $75,000, exclusive of interest and costs).

### *CONCLUSION*

Based upon the foregoing, the Court finds this unlawful detainer action does not raise a federal question and the Court lacks diversity jurisdiction over the matter.  As such, the Court *sua sponte* REMANDS the action to San Diego Superior Court, North County Division. The Clerk of Court is instructed to remand the case and close the file.

IT IS SO ORDERED.

DATED:  April 18, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge